1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONELL THOMAS HAYNIE,                    No.  2:22-cv-02204 DB P

12                  Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   CASSANDRA SYSOUVANH,

15                  Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §

18   1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

19   Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is before the court.

20   (ECF No. 26.) For the reasons set forth below, the undersigned recommends the motion to

21   dismiss be denied.

22                     **RELEVANT PROCEDURAL BACKGROUND**

23        Plaintiff initiated this case in the Fresno division of this court with a complaint naming

24   Cassandra Sysouvanh ("defendant") and three other individuals. (ECF No. 1.) On September 1,

25   2022, plaintiff filed the operative second amended complaint ("SAC") naming only defendant.

26   (ECF No. 9.) On December 13, 2022, the court granted plaintiff's motion to transfer venue to the

27   Sacramento division of this court. (ECF No. 13.)

28   ////

                                              1

On July 10, 2023, the undersigned ordered that this case proceed on plaintiff's SAC against defendant for alleged violations of plaintiff's rights under the First and Eighth Amendments. (ECF No. 19.)

On October 24, 2023, defendant filed the motion to dismiss presently before the court. (ECF No. 26.) On November 9, plaintiff filed his first opposition to the motion, indicating he had not received the motion. (ECF No. 27.) Defendant filed a response indicating no opposition to additional time for plaintiff to oppose the motion. (ECF No. 29.) On November 20, 2023, plaintiff filed a further opposition, which the court deems timely filed. (ECF No. 30.) Defendant filed a reply in support of the motion to dismiss. (ECF No. 31.)[1]

### ALLEGATIONS IN THE SAC

On January 29, 2019, plaintiff saw defendant, a correctional officer, performing oral sex on inmate Frost. (ECF No. 9 at 2, 3.) Plaintiff turned and walked away as if he had not seen anything. (Id.) The following day, defendant asked plaintiff whether he was going to mention anything and plaintiff responded he did not know what defendant was talking about. (Id. at 4.) Defendant stated, "oh so we're going to play that game?" (Id.) Because of her aggressive tone and facial expression, plaintiff became nervous, and explained that defendant did not have to worry about him because whatever was going on was their business. (Id.)

Defendant stated, "Good because I was beginning to think you were going to snitch. But since you aren't I'll let you know a secret, I love giving oral it's one of my specialties, maybe I'll show you one day what I can do, or if there is anything else you want me to do?" (ECF No. 9 at 3.) Plaintiff responded, "hell yeah what's up can I get hooked up with a cell phone as well?" (Id.) Defendant agreed. (Id.)

On February 8, 2019, plaintiff contacted defendant on inmate Frost's cell phone. (ECF No. 9 at 5.) They shared messages about the phone and a few other things. (Id.)

On February 10, 2019, defendant called plaintiff to the storage closet. (ECF No. 9 at 5.) Defendant stepped in behind plaintiff and handed him a cellular phone, charger, and two batteries.

---

[1] Page numbers referenced in the parties' briefs are those assigned by CM/ECF at the top of the document.

1  (Id.) Plaintiff placed the items in his pocket and proceeded to step around defendant at which

2  point she stated "wait don't you want your other gift? (meaning oral sex)." (Id.) Plaintiff said "oh

3  yeah" and stepped further back into the closet. (Id.) Defendant performed oral sex on plaintiff.

4  (Id.)

5       On February 27, 2019, plaintiff was on the phone with defendant while officers attempted

6  search his cell. (ECF No. 9 at 6.) Defendant advised plaintiff to refuse the search, saying "they

7  cannot rush in on you, there are specific protocols they have to follow." (Id.)

8       On March 7, 2019, defendant notified plaintiff she had decided to leave the department

9  because inmate Frost was beginning to pressure her for too much. (Id.) Defendant promised to

10  "continue her financial abilities" if plaintiff kept their secrets. (Id.)

11       During an "overfamiliar investigation" conducted by ISU, plaintiff told investigators there

12  had been "overfamiliar conversations" prior to defendant's resignation, "because of the safety and

13  security of [his] well being and the bribes that Sysouvanh had offered." (ECF No. 9 at 6-7.)

14       In order to protect his safety and security, plaintiff saved numerous text messages, videos

15  and photos of his interactions with defendant from February 13, 2019, through March 5, 2019.

16  (ECF No. 9 at 7.) Defendant threatened to blow up his mother's house if he went forward with

17  reporting this information. (Id.) Since, then, defendant has "retaliated" against plaintiff "by other

18  methods with CDCR." (Id.)

19       Plaintiff filed a grievance and completed the grievance process. (ECF No. 9 at 2.) Exhibit

20  A to the SAC is a "Claimant Appeal Claims Decision Response" and related documents. (Id. at 9-

21  13.) Through this suit, plaintiff seeks monetary damages. (Id. at 3.)

22                           **APPLICABLE STANDARD**

23       A motion to dismiss for failure to state a claim should not be granted unless it appears

24  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

25  entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson,

26  355 U.S. 41, 45-46 (1957)). The purpose of a motion to dismiss pursuant to Federal Rule of Civil

27  Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp.

28  Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the

lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon, 467 U.S. at 73. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). Nevertheless, a court's liberal interpretation of a pro se complaint may not supply essential elements that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In addition, the court need not assume the truth of legal conclusions cast in the form of factual allegations. U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court may consider material that is properly submitted as part of the complaint, matters properly subject to judicial notice, and documents that are not physically attached to the complaint where their authenticity is not contested and the plaintiffs' complaint relies on them. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**DISCUSSION**

Defendant's motion to dismiss argues the following: (1) plaintiff cannot state an Eighth Amendment claim premised on sexual assault because his sexual contact with defendant was admittedly consensual; (2) the First Amendment claim does not and cannot state all elements of retaliation; and (3) plaintiff failed to exhaust available prison administrative remedies regarding

1    the First Amendment claim. (ECF No. 26 at 3.) The court takes up these arguments in reverse

2    order.

3         I.      **Exhaustion**

4         The Prison Litigation Reform Act (PLRA) of 1995 requires that prisoners exhaust "such

5    administrative remedies as are available" before commencing a suit challenging their prison

6    conditions. 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense and the defendants

7    bear the burden of raising and proving an absence of exhaustion. Jones v. Bock, 549 U.S. 199,

8    216 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure

9    to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule

10   12(b)(6)." Albino, 747 F.3d at 1166; see also McBride v. Lopez, 807 F.3d 982, 988 (9th Cir.

11   2015). Otherwise, a defendant must produce evidence proving failure to exhaust. McBride, 807

12   F.3d at 985.

13        In the motion to dismiss, defendant argues the court should consider the content of

14   plaintiff's grievance, which is not attached to the SAC, "because it is referenced in [Exhibit A] to

15   the SAC on which Plaintiff extensively relies." (ECF No. 26 at 8.) Considering the contents of

16   plaintiff's grievance, defendant argues, the prison was not on notice of a First Amendment

17   violation of plaintiff's rights by defendant. (ECF No. 26 at 14-15.) Plaintiff opposes dismissal of

18   the First Amendment claim based on a failure to exhaust, arguing he has not received the requisite

19   notice of the requirements for opposing a summary judgment motion. (ECF No. 30 at 14.)

20        The court will only consider the contents of the grievance for the pending motion to

21   dismiss if no party contests its authenticity and the complaint relies on it. See Lee, 250 F.3d at

22   688-89. No party contests the grievance's authenticity. However, plaintiff does not necessarily

23   rely on the grievance to state his constitutional claims. Compare Sams v. Yahoo! Inc., 713 F.3d

24   1175, 1179 (9th Cir. 2013) (considering two subpoenas not attached to the complaint on a motion

25   to dismiss as "critical" to the lawsuit where the plaintiff's claim was that the subpoenas

26   themselves were unlawful).

27        In screening the SAC, the court did not rely on the contents of Exhibit A, the "Claimant

28   Appeal Claims Decision Response" and related documents. The SAC also does not extensively

5

1    rely on Exhibit A, because despite being attached, Exhibit A is not otherwise referenced in the

2    statement of the claim. Finding that the SAC does not rely on the contents of Exhibit A or the

3    grievance, the undersigned declines to consider the contents of the grievance for this motion

4    brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5         A failure to exhaust is not clear from the face of the complaint. Defendant must plead and

6    prove plaintiff's failure to exhaust available administrative remedies. See Jones, 549 U.S. at 216;

7    McBride, 807 F.3d at 985; Albino, 747 F.3d at 1169.

8         **II.    Adequacy of the Allegations in the SAC**

9              **A.    Retaliation**

10        A retaliation claim in the prison context has five elements. Brodheim v. Cry, 584 F.3d

11   1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). A plaintiff must first

12   allege he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v.

13   Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege the defendant took

14   adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection

15   between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the

16   plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness

17   from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks

18   and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory

19   action did not advance legitimate goals of the correctional institution or was not tailored narrowly

20   enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

21        Defendant argues the SAC fails to state a retaliation claim. (ECF No. 26 at 11-13.)

22   Plaintiff argues the SAC adequately pleads retaliation and seeks to amend to allege additional

23   facts if necessary. (ECF No. 30 at 13-14.)

24        Defendant's arguments are unavailing. Defendant first argues bribery is not an adverse

25   action. (ECF No. 26 at 12-13.) Defendant cites no supporting authority for the court to conclude

26   that bribery cannot be an adverse action in the prison context. As one district court has observed,

27   while declining to reach the issue as unnecessary, "it is not a stretch to conclude that… offering a

28   bribe… could dissuade the average inmate from grieving a legitimate wrong committed against

6

1    him or convince the inmate that a failure to accept the bribe might place him at risk of future

2    harm." McCrea v. Hubbard, No. 1:17-CV-00247-MJS-PC, 2017 WL 6344355, at *4 (E.D. Cal.

3    Dec. 12, 2017), report and recommendation adopted, No. 1:17-CV-00247-DAD-MJS, 2018 WL

4    338643 (E.D. Cal. Jan. 8, 2018). Defendant's unsupported argument that bribery is not an adverse

5    action should be rejected at this stage of the case.

6           The SAC further sets forth adverse action aside from bribery. Plaintiff alleges he saved

7    evidence of his interactions with defendant, who threatened to blow up his mother's house if he

8    went forward with reporting the information. (ECF No. 9 at 7.) As defendant notes, an adverse

9    action may be a harm or a threat of harm and can be explicit or implied. Defendant's alleged

10   threat of harm suffices as an adverse action. See Brodheim, 584 F.3d at 1270.

11          Next, defendant recognizes plaintiff engaged in protected activity when he filed a

12   grievance. (ECF No. 26 at 13.) Defendant argues the alleged adverse actions, and particularly the

13   alleged bribery, occurred before the filing of the grievance. (Id. at 12-13.) It is not clear how the

14   court could reach such a conclusion based on the materials properly considered for this motion. In

15   addition, as set forth, bribery is not the only alleged adverse action. Defendant's argument as to

16   the timing of the alleged protected activity and adverse actions fails to demonstrate that any

17   element necessary to state a retaliation claim is missing from the SAC.

18          Plaintiff has adequately alleged protected conduct and adverse action. Construing the

19   allegations in a light favorable to plaintiff, the court infers a causal connection and specifically

20   that defendant was aware of plaintiff's protected activity or intent to engage in protected activity

21   when she allegedly threatened to blow up his mother's house if he went forward with reporting

22   the information he had saved about their interactions. Thus, defendant allegedly made a threat of

23   harm that could chill or silence a person of ordinary firmness from future First Amendment

24   activities. Such action would not advance legitimate correctional goals.

25          It could be that defendant was no longer acting under color of state law at the time of the

26   alleged adverse action in the form of the explicit threat of harm. However, the timing of

27   defendant's separation from employment is not alleged in the complaint. To any extent

28

7

1    defendant's arguments are based on the contents of plaintiff's grievance, which is not attached to

2    the SAC, the argument fails for reasons already set forth.

3                        **B.    Eighth Amendment**

4           The Eighth Amendment requires prison officials to provide humane conditions of

5    confinement, including adequate food, clothing, shelter, and medical care, and to take reasonable

6    measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994);

7    Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth

8    Amendment violation must show the defendant official acted with deliberate indifference to a

9    threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187

10   (9th Cir. 2002). Prisoners have a clearly established Eighth Amendment right to be free from

11   sexual abuse. Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012); Schwenk v. Hartford, 204

12   F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault on an inmate by a guard—regardless of the

13   gender of the guard or of the prisoner—is deeply "offensive to human dignity.").

14          Defendant argues plaintiff admits the alleged sexual contact was consensual and not

15   sexual assault. (ECF No. 26 at 9.) Aside from a single instance of consensual oral sex, defendant

16   argues, plaintiff's allegations all relate to conversations between plaintiff and defendant. (Id.)

17          Plaintiff argues the legal concept of consent does not exist between staff and offenders.

18   (ECF No. 30 at 8.) However, the Ninth Circuit has rejected a per se rule that would make

19   prisoners incapable of legally consenting to sexual relationships with prison officials. Wood, 692

20   F.3d at 1048. "[W]hen a prisoner alleges sexual abuse by a prison guard, …the prisoner is entitled

21   to a presumption that the conduct was not consensual. The state then may rebut this presumption

22   by showing that the conduct involved no coercive factors." Id. at 1049. Petitioner's citation to

23   Bearchild v. Cobban, 947 F.3d 1130, 1134 (9th Cir. 2020) does not demonstrate otherwise,

24   because in that case, the defense of consent was not at issue. See id. at 1134 (describing the

25   alleged sexual assault as "alleged conversion of a pat-down into a sexual assault"). The portions

26   of Bearchild plaintiff cites are "properly understood as enunciating the liability standard in a case

27   (unlike this one) where the defense isn't raising a consent defense." Fuller v. Lopez, No. CV-19-

28   05818-PHX-DWL-CDB, 2022 WL 704048, at *12 (D. Ariz. Mar. 9, 2022).

1   Under <u>Wood</u>, plaintiff is "entitled to a presumption that the conduct was not consensual."

2   692 F.3d at 1048.

> The power dynamics between prisoners and guards make it difficult
> to discern consent from coercion. Even if the prisoner concedes that
> the sexual relationship is "voluntary," because sex is often traded for
> favors (more phone privileges or increased contact with children) or
> "luxuries" (shampoo, gum, cigarettes), it is difficult to characterize
> sexual relationships in prison as truly the product of free choice.

7   <u>Id.</u> at 1047 (citation omitted).

8   Under plaintiff's allegations, defendant used an "aggressive tone and facial expression"

9   when she inquired if plaintiff was going to mention anything about seeing defendant perform oral

10   sex on another inmate. (ECF No. 9 at 3.) Defendant allegedly proposed oral sex to plaintiff, rather

11   than the other way around. (<u>Id.</u>) In the storage closet, after defendant produced the cell phone, and

12   before the sexual contact at issue, plaintiff stepped around defendant, perhaps to exit the closet,

13   but defendant stated "wait don't you want your other gift? (meaning oral sex)." (<u>Id.</u>) At this stage,

14   the court applies "a presumption that the conduct was not consensual," despite some factual

15   allegations suggesting voluntary conduct or actions consistent with consent. <u>See Wood</u>, 692 F.3d

16   at 1048.

**CONCLUSION, ORDER, RECOMMENDATION**

18   For the reasons set forth above, defendant's motion to dismiss should be denied.

19   Reviewing the docket, the undersigned notes two further pending motions. On July 10, 2023,

20   plaintiff's request for screening was docketed on the same date the court screened the complaint.

21   (ECF Nos. 21, 22.) Plaintiff's request for screening is granted to the extent the SAC was

22   screened. On August 23, 2023, defendant sought a 14-day extension of time to file a notice of E-

23   Service waiver. (ECF No. 23.) Defendant waived service on September 1, 2023. (ECF No. 24.)

24   Defendant's request for the extension of time is also granted.

25   In accordance with the above, IT IS ORDERED as follows:

26   1.  The Clerk of the Court shall assign a district judge to this case.

27   2.  Plaintiff's request for screening (ECF No 22) is granted.

28   ////

1    3.  Defendant's request for a 14-day extension of time to file a notice of E-Service waiver

2    is granted; defendant timely waived service.

3    In addition, for the reasons set forth above, IT IS RECOMMENDED that defendant's

4    motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 26) be denied and

5    defendant be ordered to file an answer to the SAC.

6    These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

8    being served with these findings and recommendations, any party may file written objections with

9    the court and serve a copy on all parties. Such a document should be captioned "Objections to

10   Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

11   filed and served within 7 days after service of the objections. The parties are advised that failure

12   to file objections within the specified time may waive the right to appeal the District Court's

13   order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14   Dated:  January 16, 2024

15

16

17   DLB7
     hayn2204.mtd

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28