UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE,<br><br>Plaintiff,<br><br>v.<br><br>CASSANDRA SYSOUVANH,<br><br>Defendant. | No. 2:22-cv-02204 DAD DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. On January 26, 2024, defendant filed an ex parte request for extension of time to answer the complaint and for leave to file a pre-answer motion for summary adjudication as to plaintiff's retaliation claim exclusively on the ground that plaintiff failed to exhaust administrative remedies prior to filing this action. (See ECF Nos. 34, 37.) Plaintiff opposes the motion, arguing defendant already unsuccessfully raised the issue in a motion to dismiss. (ECF No. 35.)

The exhaustion requirement of the Prison Litigation Reform Act expressly states "[n]o action shall be brought ... until [the prisoner's] administrative remedies are exhausted." 42 U.S.C. § 1997e(a). Courts are directed to decide exhaustion, if feasible, before reaching the merits. See Albino v. Baca, 747 F.3d 1162, 1166, 1168, 1170 (9th Cir. 2014) (en banc).

Under Federal Rule of Civil Procedure 56, a party may move with or without supporting affidavits for summary judgment on part or all of the claims until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). Thus, a party may file summary judgment motion before filing an answer. However, Rule 56 is silent about whether filing a motion for summary judgment tolls the time to file an answer. Courts in the Ninth Circuit have concluded that by analogy to Rule 12(a)(4), it is appropriate to extend the time to file the answer until the court decides the motion for summary judgment where such motion adequately contests the action. See Huff v. Moore, No. 1:19-CV-01248-HBK-PC, 2022 WL 6808296, at *2 (E.D. Cal. Oct. 11, 2022).

Here, an exhaustion-based summary judgment motion contests the adequacy of the action. If plaintiff did not fully and properly exhaust his available remedies, dismissal is proper. Defendant's requested relief is consistent with the Ninth Circuit's direction that exhaustion be adjudicated through a motion for summary judgment. See Albino, 747 F.3d at 1166. Accordingly, for good cause shown, the court grants defendant's ex parte request.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Defendant's ex parte application for leave to file a pre-answer motion for partial summary adjudication as to plaintiff's alleged failure to exhaust administrative remedies and for an extension of time to file a responsive pleading (ECF No. 34) is GRANTED, and defendant shall file any such motion for summary judgment on or before July 19, 2024;

2. The court permits the following limited discovery: (a) plaintiff and defendant are granted leave to immediately conduct limited discovery relating to the administrative exhaustion issue only. Any such discovery must be completed no later than May 29, 2024; (b) defendant is granted leave under Fed. R. Civ. P. 30(a)(2)(B) to depose plaintiff no later than May 29, 2024. The deposition is limited to the exhaustion issue.

////
////
////
////

3. Defendant's answer to the complaint is due thirty (30) days from the date of any order by the presiding district judge adjudicating defendant's pre-answer motion for partial summary judgment.

Dated: March 19, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7\hayn2204.36answ.sj