UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE,<br>Plaintiff,<br>v.<br>CASSANDRA SYSOUVANH,<br>Defendant. | No. 2:22-cv-02204 DAD SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has several motions pending before the undersigned: (1) motion to quash, ECF No. 59; (2) motion to amend, ECF No. 66; and (3) motion for protective order, ECF No. 76. The undersigned will address each motion in turn.

**MOTION TO QUASH**

**I. Parties' Arguments**

Plaintiff seeks to quash two subpoenas issued by Defendant on or around March 3, 2026, to non-parties Google and Oath Holdings, Inc., the custodian of records for Yahoo!, respectively. Plaintiff's motion focuses on the subpoena to Oath Holdings, Inc., which seeks, *inter alia*, "[a]ny and all email correspondence" from MoriahTaylor03@yahoo.com, an email address operated by Plaintiff's daughter, Moriah Taylor, and Jaqwonwlk@yahoo.com, an email address operated by Plaintiff's brother, Jaqwon Walker, to Defendant. The subpoenas also seek IP address location

information for the email accounts. Plaintiff argues that disclosure of that information would violate the privacy and confidentiality rights of the two individuals and potentially threaten their personal safety. He adds that the subpoena is facially overbroad and seeks information that is irrelevant to this matter. Specifically, he states that the two email accounts contain privileged attorney/client information pertaining to his post-conviction matters. Id. at 59 at 5-6.

Defendant opposes the motion on three grounds. First, she argues that Plaintiff does not have standing to quash a third-party subpoena on relevancy or overbreadth grounds. Even if Plaintiff could challenge on those grounds, Defendant maintains that the information sought is relevant and the requests narrowly tailored. Defendant states that Plaintiff used the two email addresses to communicate with her throughout their romantic relationship and that their correspondence will support her defense that their sexual relationship did not start until after Defendant resigned from CDCR. ECF No. 62 at 4-5. Second, Defendant states she no longer has access to the subpoenaed emails because she deleted her accounts due to Plaintiff's "severe and pervasive harassment and threats." Id. at 7. Third, Defendant argues that Plaintiff lacks standing to quash a subpoena based on his daughter's and brother's privacy interests. Id. at 6-7.

Plaintiff filed a reply raising a new argument that the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701(a)(1), 2707(a), categorically prohibits Google and Yahoo! from disclosing the requested emails. ECF No. 64. In the alternative, if the Court declines to quash the subpoenas entirely, Plaintiff requests a protective order limiting any disclosure strictly to non-content information permitted by law. Id. at 7. While courts "typically cannot consider arguments first raised in reply," Ellison Framing, Inc. v. Zurich American Ins. Co., 805 F. Supp. 2d 1006, 1011 n. 1 (E.D. Cal. 2011), the undersigned will consider Plaintiff's SCA arguments because of his pro se status and the fact that Defendant's opposition arguments regarding Plaintiff's standing are generally responsive to the SCA issues they present.

## II. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P.

26(b)(1). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," and "is of consequence in determining the action." Fed. R. Evid. 401. The court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court may also limit the extent of discovery to protect a party or person from annoyance, embarrassment, oppression, undue burden or other improper purposes. Fed. R. Civ. P. 26(c)(1).

A nonparty may be compelled to produce documents and tangible things via a Rule 45 subpoena. Fed. R. Civ. P. 34(c). Rule 45 permits a party to issue a subpoena "command[ing] each person to whom it is directed to . . . attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). The recipient may serve written objections to a subpoena or move to quash or modify it. Fed. R. Civ. P. 45(d)(2)(B), 45(d)(3).

"[T]he court that issued the subpoena . . . can entertain a motion to quash or modify a subpoena." S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir. 2011). The issuing court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

Additionally, the issuing court may quash or modify a subpoena if it requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study

that was not requested by a party.

Fed. R. Civ. P. 45(c)(3)(B). Instead of quashing or modifying the subpoena in these instances, the court may also specify conditions as an alternative. Fed. R. Civ. P. 45(c)(3)(C). "A district court 'has wide latitude in controlling discovery, and its rulings will not be overturned in [the] absence of a clear abuse of discretion.'" Pizzuto v. Tewalt, 136 F.4th 855, 867 (9th Cir. 2025) (quoting Lane v. Dep't of the Interior, 523 F.3d 1128, 1134 (9th Cir. 2008)).

## III. Analysis

### A. Plaintiff May Not Bring a Motion to Quash on Behalf of a Non-Party

The motion to quash is styled as a "motion of *non-party* movants to quash subpoenas." ECF No. 59 at 1 (emphasis added). However, the motion was filed and signed by Plaintiff. Id. at 9-10. As a pro se litigant, Plaintiff has no authority to represent anyone other than himself and lacks representative capacity to file motions and other documents on behalf of others. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir.1997) ("(A) non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697 (9th Cir. 1987))). For this reason alone, Plaintiff's motion is improper and will be denied. See S.E.C. v. v. Inteligentry, Ltd., No. 2:13-CV-00344-GMN, 2013 WL 3995272, at *1 (D. Nev. Aug. 5, 2013) (denying motion to quash as improperly filed by pro se defendant on behalf of non-party individual). To ensure the motion is addressed on its merits, the undersigned will address why Plaintiff is not entitled to relief even if the Court were to construe the motion as brought on his own behalf.

### B. Plaintiff's Lacks Standing to Assert Non-Party Privileges

#### 1. Stored Communications Act

"The general rule . . . is that a party has no standing to move to quash a subpoena served upon a third party except as to privilege claims relating to any documents being sought." California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997). The undersigned will begin with Plaintiff's assertion that the SCA prohibits disclosure of the subpoenaed emails.

The SCA prohibits an entity providing electronic communication services to the public,

like Google or Yahoo!, from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service[.]" 18 U.S.C. § 2702(a)(1); see also Chevron Corp. v. Donziger, No. 12–MC–80237 CRB (NC), 2013 WL 4536808, at *6 (N.D. Cal. Aug. 22, 2013) ("Google and Yahoo!, as [internet service providers] and email service providers, are electronic communication service providers."). The statute enumerates several exceptions for disclosure of such communications, 18 U.S.C. § 2702(b)-(c), but "does not contain an exception for civil discovery subpoenas." Mintz v. Mark Bartelstein & Assocs., Inc., 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012) (collecting cases); see also Rainsy v. Facebook, Inc., 311 F. Supp. 3d 1101, 1114 (N.D. Cal. 2018) (same).

The SCA "reflects Congress's judgment that users have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility." Theofel v. Farey-Jones, 359 F.3d 1066, 1072 (9th Cir. 2004). Although the Ninth Circuit has yet to address the question, district courts within the Circuit have generally concluded that individuals have standing to quash a Rule 45 subpoena seeking personal information protected by the SCA. See Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (citing cases). However, the protected personal information must relate to the individual or entity seeking to quash the subpoena. For example, in granting a motion to quash, the court in Crispin emphasized that "an individual has a personal right in information in . . . *his or her webmail inbox* in the same way that an individual has a personal right in employment and bank records." 717 F. Supp. 2d at 974 (emphasis added); see also Chasten v. Franklin, No. C10-80205 MISC JW HR, 2010 WL 4065606, at *2 (N.D. Cal. Oct. 14, 2010) (finding defendant "has a personal right with respect to the emails sent from his Yahoo! email account and thus has standing to move to quash [plaintiff's] subpoena").

Here, Defendant seeks email correspondence not from Plaintiff's email accounts, but from the accounts of his daughter and brother. To be sure, there are factual questions as to ownership of the accounts. Defendant maintains that Plaintiff regularly used these accounts to correspond with her. But Plaintiff's denies this and states in a sworn declaration that "[t]he email accounts of MoriahTaylor03@yahoo.com and Jaqwonwlk@yahoo.com are in fact email accounts of those

two (2) individuals." ECF No. 64 at 9, ¶ 6; see also id. at 6 ("Without consent from Moriah Taylor and Jaqwon Walker, Yahoo and Google are legally barred from producing the requeted [sic] materials."). Further, Plaintiff's arguments concern the personal privacy and safety interests of his daughter and brother, not his own. See, e.g., ECF No. 59 at 7-8 (arguing that the subpoenas violate the non-parties' privacy interests under the California Constitution).

It is ultimately Plaintiff, as the party seeking to quash the subpoenas, who bears the burden of persuasion. Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 504 (E.D. Cal. 2012). Because Plaintiff is insistent that the email accounts are not his own and his motion seeks to protect the interests of two non-parties, the undersigned finds that he lacks standing to quash the subpoenas pursuant to the SCA.[1] In so finding, the undersigned does not mean to suggest that the SCA permits disclosure of the emails Defendant seeks. Rather, the undersigned merely holds that it is Ms. Taylor or Mr. Walker, not Plaintiff, who must raise an SCA challenge to their disclosure. See Sines v. Kessler, No. 18-MC-80080-JCS, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018) (holding that "non-parties with a 'personal right or privilege' in the information sought by the subpoena have standing, particularly where the information is protected by the SCA," and collecting cases). Similarly, Plaintiff's claim that Defendant must first request the email correspondence from the users is Google's and Yahoo!'s objection to raise. See Soto, 282 F.R.D. at 505 (entertaining similar exhaustion argument from subpoenaed non-party); Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (same).

**2. Other Asserted Privileges**

Plaintiff also objects to the subpoenas on grounds they are "overbroad and irrelevant." ECF No. 59 at 5-6. The undersigned agrees with Defendant that Plaintiff lacks standing to quash subpoenas issued to third parties on the grounds of relevance, overbreadth, or that they are not narrowly tailored. See Jiae Lee v. Dong Yeoun Lee, 2020 WL 7890868, *5 (C.D. Cal. 2020)

---

[1] For the same reasons, Plaintiff is not entitled to his alternate remedy of a protective order. "The protective order mechanism is appropriate so long as the party is asserting its own interests . . . rather than the interests of the subpoena target." SiteLock LLC v. GoDaddy.com LLC, No. CV-19-02746-PHX-DWL, 2023 WL 4661842, at *7 n.12 (D. Ariz. July 20, 2023) (quoting 1 Gensler, Federal Rules of Civil Procedure, Rules And Commentary, Rule 45, at 1216 (2018)).

("[O]nly the party to which the subpoena is directed has standing to object to the requests on the grounds that they are irrelevant, vague, overbroad, duplicative, unduly burdensome, etc."); Castillo v. City of Los Angeles, No. 2:20-CV-04257-JAK-JC, 2021 WL 8895084, at *3 (C.D. Cal. Dec. 13, 2021) (Under the general rule, "[a] party . . . lacks standing to object a subpoena served on a third party on grounds of relevance, overbreadth, or undue burden."); Wheat v. Wal-Mart Assocs., Inc., No. 1:22-CV-01524-BAM, 2023 WL 8544226, at *3 (E.D. Cal. Dec. 11, 2023) (denying the plaintiff's motion to quash a third-party subpoena on relevance and overbreadth grounds and collecting cases). Plaintiff also lacks standing to assert his daughter's or brother's general, non-SCA privacy objections. See M.S. v. Angus, No. 2:23-CV-09957-MWF-MAR, 2025 WL 819722, at *4 (C.D. Cal. Feb. 11, 2025) (declining to address plaintiff's privacy objections on non-parties' behalf, as he "clearly would not have standing to make such objections.").

Plaintiff briefly states that the two email accounts "hold [his] entire attorney/client file" that was sent by his trial attorney and post-conviction attorneys. ECF No. 59 at 5-6. While Plaintiff frames this as a relevance issue, the undersigned liberally construes it suggesting that the email accounts contain information protected by the attorney/client communication and/or attorney work product privileges. See McCoy v. Sw. Airlines Co., 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("A party may move to quash a subpoena that requests matter protected by attorney-client privilege."). However, the Oath Holdings subpoena at issue seeks only email correspondence from MoriahTaylor03@yahoo.com and Jaqwonwlk@yahoo.com to either of Defendant's email addresses (csysouvahn77@gmail.com and cassandra.sysouvanh@yahoo.com). ECF No. 62-1 at 15, ¶ 3. The undersigned is satisfied that the subpoena is sufficiently narrowly tailored to omit the privileged emails. Accordingly, Plaintiff's motion to quash is DENIED.

## MOTION TO AMEND

### I. Procedural Background

The action is proceeding on Plaintiff's second amended complaint ("SAC"). Judge Barnes, the previously assigned magistrate judge, summarized the SAC in her July 10, 2023, screening order:

> Plaintiff's [SAC] alleges defendant Sysouvanh performed oral sex on plaintiff, gave him a cell phone, and promised further "financial abilities" if plaintiff would keep their secrets. (ECF No. 9 at 3-7.) After plaintiff spoke with ISU investigators during an overfamiliar investigation, defendant threatened to blow up the house of plaintiff's mother if plaintiff went forward with reporting the information. (Id. at 7.)

ECF No. 19. The events in question occurred between January and March of 2019. See ECF No. 9 at 4-7. Judge Barnes determined that the SAC stated cognizable First Amendment and Eighth Amendment claims against Defendant Sysouvanh only and directed service. Id.

On March 15, 2024, District Judge Drozd adopted findings and recommendations that Defendant's motion to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6) be denied. ECF No. 38. In lieu of answering the SAC, Defendant requested and received leave to file a pre-answer motion for summary judgment on exhaustion. On August 15, 2025, Judge Drozd adopted the undersigned's findings and recommendations that that motion be denied. ECF No. 50. Defendant answered the SAC on September 4, 2025. ECF No. 52. The undersigned issued a discovery and scheduling order on February 20, 2026. ECF No. 58.

## II. Parties' Arguments

Plaintiff's proposed TAC adds five total claims against Defendant Sysouvanh. ECF No. 66. Petitioner repleads his two cognizable § 1983 causes of action and adds a Fourteenth Amendment right to bodily integrity claim. ECF No. 67 at 7-8. Plaintiff also raises four state law claims: (1) California Gender Violence Law, Cal. Civil Code § 52.4; (2) Tom Bane Civil Rights Act, Cal. Civil Code § 52.1; (3) Sexual Assault and Battery, Cal. Civil Code § 1708.5; and (4) Intentional Infliction of Emotional Distress. Id. at 8-11.

Defendant opposes amendment as to the state law claims on futility grounds. ECF No. 68 at 4-6. Defendant argues Plaintiff has failed to plead compliance with the California Government Claims Act ("GCA") and has in fact failed to comply with the Act. Id. To prove Plaintiff's actual noncompliance, Defendant requests judicial notice of the sworn declaration of Taylor Sparks, custodian of records for the Government Claims Program at the Department of General Services, who attests that Plaintiff has not presented any claims to her program since January 1,

2019.[2] ECF No. 68-1. Defendant also asserts Plaintiff unduly delayed bringing his Fourteenth Amendment claim, prejudicing Defendant. ECF No. 68 at 6-8. Defendant argues Plaintiff could have brought this claim at an earlier point in the case and that its addition now will disadvantage her ability to locate and gather evidence and improperly alters Plaintiff's theory of the case. Id.

On reply, Plaintiff disputes he failed to comply with the GCA. He states in a sworn declaration that on or around December 3, 2020, he completed a claims form that detailed the alleged sexual assault by Defendant Sysouvanh and submitted it through the prison's legal mail process. ECF No. 69 at 10. He claims the mailing was "officially documented at that time by prison staff in the facility's physical mail logbook." Id. Plaintiff maintains that if the form did not reach its destination, the Court should excuse exhaustion under principles of equitable estoppel. Id. at 4-5. Plaintiff attached an Inmate Request for Interview (CDCR Form 22) dated July 6, 2026, in which he requested his mail logs between October 1, 2020, through September 1, 2022. Id. at 13. The document includes the prison's response that the logs from that period were lost in a computer update. Id. As to the Fourteenth Amendment bodily integrity claim, Plaintiff denies he acted with undue delay and emphasizes he sought leave to amend within the deadline in the Court's DSO. Id. at 7-8. He characterizes its addition as "[r]efining the legal theories to accurately encapsulate the sexual assault" claim. Id. at 7-8.

Defendant requested and received leave to file a sur-reply to address Plaintiff's new evidence regarding his alleged GCA compliance. ECF Nos. 70, 72. Defendant explains that the mail logs at Plaintiff's current institution, San Quentin Rehabilitation Center, are no longer available for the time requested. ECF No. 70-2 at 2-4. However, Plaintiff was incarcerated at the California Correctional Institution ("CCI") during the period in question. The CCI mail logs are available and Defendant submitted them attached to the sworn declaration of the CCI Litigation Coordinator. Id. at 17-23. The logs do not reflect outgoing mail to the Government Claims

[2] The Court will not judicially notice the truth of the declaration given that Defendant's sur-reply evidence, *infra*, suggests that Plaintiff filed a tort claim in June 2022. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court cannot take judicial notice of disputed facts contained in . . . public records."). Nevertheless, as the discussion below will show, the undersigned need not address this declaration to resolve the motion.

Program on or around December 3, 2020, but do show mail to that entity on June 15, 2022, more than three years after the events in the SAC concerning Sysouvanh. Id. at 22.

## III. Legal Standards

Plaintiff seeks to allege new claims against Defendant Sysouvanh pursuant to Rule 15(a)(2).[3] ECF No. 66. Rule 15(a)(2) instructs that "[t]he court should freely give leave [to amend] when justice so requires." Id. Courts within the Ninth Circuit interpret and apply Rule 15(a)'s policy with "extreme liberality," Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003), especially when the plaintiff is pro se and lacks the experience and guidance of counsel to avoid pleading errors. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc). However, "[a]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). As a result, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

In making such determination, courts consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." Eminence Capital, LLC, 316 F.3d at 1052. The party opposing leave to amend bears the burden of showing prejudice. Clarke v. Upton, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010) (citation omitted).

[3] The Ninth Circuit has instructed that "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). It has since clarified that it applied Rule 16 in Johnson "because the party . . . had failed to file his motion to join additional parties within the period of time set in the district court's scheduling order." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 952 (9th Cir. 2006). Thus, because Plaintiff filed his motion on June 12, 2026, within the July 15, 2026, deadline in the Court's discovery and scheduling order ("DSO"), ECF No. 66, Rule 15 applies. See Bencomo v. Cnty. of Sacramento, No. 2:23-CV-00440-DAD-JDP, 2024 WL 382381, at *1 (E.D. Cal. Jan. 31, 2024) ("Rule 15 . . . governs amendments to pleadings when the deadline for amendments in the pretrial scheduling order had yet to pass at the time the motion for leave to amend was filed[.]"); Escobar v. Whiteside Const. Corp., No. C 08-01120 WHA, 2008 WL 3915715, at *2 (N.D. Cal. Aug. 21, 2008) (same).

## IV. Analysis

### A. Amendment as to the State Claims is Futile

The GCA, California Government Code §§ 810 et seq., "requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." Cardenas v. Cnty. of Tehama, 476 F. Supp. 3d 1055, 1070 (E.D. Cal. 2020) (quoting State of California v. Superior Court, 32 Cal. 4th 1234, 1243 (2004)).

The proposed TAC's allegation of GCA compliance reads in full: "DONELL HAYNIE submitted a timely Government Claims Form to the STATE OF CALIFORNIA regarding the claims staff-on inmate sexual misconduct and retaliation filed in this action on November 20th, 2020[.]" ECF No. 67 at 2, ¶ 4. November 20, 2020, refers to the date Plaintiff filed the original complaint in this action. See ECF Nos. 1, 1-1. The TAC does not state when Plaintiff filed his tort claim or that the State of California rejected it. The tort claim itself is not attached to the TAC or otherwise before the Court.

Plaintiff's conclusory allegation of GCA compliance is legally insufficient. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] bare allegation that the [GCA] has been followed would seem to be a mere conclusion that is insufficient under Iqbal and Twombly[.]" Young v. City of Visalia, 687 F.Supp.2d 1141, 1152 (E.D. Cal. 2009) (denying motion to dismiss where plaintiff alleged his tort claim was presented to and rejected by the defendant municipality); see also Cardenas, 476 F. Supp. 3d at 1070 (allegation that "Plaintiffs filed timely administrative 'tort' claims" was "mere legal conclusion" warranting dismissal of state law claims); Dominguez v. Abraham, No. 20-CV-09416-EMC, 2021 WL 10716858, at *3 (N.D. Cal. Mar. 31, 2021) (to survive dismissal, "a plaintiff must allege facts showing that he presented that claim in compliance with the [GCA],

which includes timely presentation, a rejection, and timely filing of a suit thereafter.”).

The Court must next consider whether Plaintiff’s state claims could be revived with additional facts regarding his GCA compliance. See Krainski v. Nevada ex rel. Bd. of Regents of NV. System of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010) (Under the futility analysis, “[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.”); see also United States v. Corinthian Colleges, 655 F.3d 984, 996 (9th Cir. 2011) (holding district court abused its discretion when it “dismissed with prejudice the Complaint without considering whether additional facts could cure any deficiencies.”). Leave to amend should be granted where the court can “conceive of facts that would render plaintiff’s claim viable and could discern from the record no reason why leave to amend should be denied.” Balistreri v. Pacifica Police Dep’t, 901 F.2d 696, 701 (9th Cir. 1988).

Having considered the parties’ briefs and competing evidence, the undersigned finds that there are no additional allegations that would render plausible Plaintiff’s actual GCA compliance. The GCA requires a claimant to present a claim within six months of the accrual of the cause of action. Cal. Gov’t Code § 911.2. Here, the TAC’s claims accrued between January and March of 2019. See ECF No. 67 at 3-5. Thus, even accepting as true Plaintiff sworn statement that he filed and mailed the required tort claim on December 3, 2020, ECF No. 69 at 10, ¶¶ 3-5, his claim would be barred as untimely.[4] See Cal. Gov’t Code § 945.4; Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) (“The timely presentation of a claim under the [GCA] is not merely a procedural requirement but is an actual ‘element of the plaintiff’s cause of action.’” (quoting Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (2007))).

Plaintiff’s equitable estoppel arguments are unavailing. Any negligence on the prison’s part in mailing the form or on the State’s part in not sending a receipt notification does not cure his claim’s untimeliness. Plaintiff also argues that the State’s failure to respond to his December 2020 claim operates as a rejection by operation of law. ECF No. 69 at 5 (citing Cal. Gov’t Code § 912.4(c)). But a rejection of operation by law extends the claimant’s deadline for filing suit.

[4] The same would be true if the undersigned instead accepted that Plaintiff mailed the claim on June 15, 2022, as reflected in the CCI mail log. ECF No. 70-2 at 22.

Cal. Gov't Code § 945.6(a)(2). It does not revive an untimely claim.

Accordingly, the undersigned finds that amendment as to Plaintiff's state claims would be futile and recommends that his motion to amend be denied as to these causes of action.

**B. Plaintiff's Delay Did Not Substantially Prejudice Defendant**

The undersigned next considers whether Plaintiff unduly delayed bringing his Fourteenth Amendment bodily integrity claim, and, if so, whether that delay prejudiced Defendant.

"In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" AmerisourceBergen Corp., 465 F.3d at 953 (quoting Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990)). Plaintiff's Fourteenth Amendment bodily integrity and Eighth Amendment sexual assault claims concern the same alleged sexual conduct. ECF No. 67 at 6-8. Given this factual overlap, Plaintiff likely could have brought the former at an earlier point in the case. The undersigned also agrees with Defendant that Plaintiff's generic explanation for why he did not amend sooner is lacking.

"Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) (quoting DCD Programs, 833 F.2d at 186). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight . . . Absent prejudice . . . there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052 (emphasis in original). To justify denial of leave to amend, the prejudice must be substantial. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "The party opposing leave to amend bears the burden of showing prejudice." Serpa v. SBC Telecommunications, Inc., 318 F.Supp.2d 865, 870 (N.D. Cal. 2004).

Defendant's argument that Plaintiff changed the nature of his case—thus requiring additional and costly evidence gathering and discovery—is unconvincing given the factual and legal similarities between his bodily integrity and sexual assault claims. See United States v. Gonzalez, 533 F.3d 1057, 1064 (9th Cir. 2008) ("Included in the liberty protected by the

Fourteenth Amendment is the concept of personal bodily integrity and specifically 'the right to be free from certain sexually motivated physical assaults and coerced sexual battery.'" (quoting United States v. Lanier, 520 U.S. 259, 262 (1997))). This is not a case where amendment would require Defendant to "undertake[], at a late hour, an entirely new course of defense[.]" Morongo, 893 F.2d at 1079 (holding district court did not abuse discretion in denying leave to amend where plaintiff sought to add a RICO claim that would "radically shift" the nature of the case); see also AmerisourceBergen Corp., 465 F.3d at 953 (allowing plaintiff to "advance different legal theories and require proof of different facts" would unfairly impose additional litigation costs). Thus, any prejudice from Plaintiff's undue delay does not outweigh the liberal standard for permitting amendment, particularly in light of his pro se status.

Accordingly, the undersigned recommends that Plaintiff's motion be granted as to amendment of his Fourteenth Amendment bodily integrity claim only. The parties are advised that should the District Judge adopt this recommendation, Defendant will be required to file an amended answer to the remaining claims in the TAC.[5]

## MOTION FOR PROTECTIVE ORDER

### I. Parties' Arguments

Plaintiff has also filed a motion for protective order pursuant to Federal Rule 26(b)(1) and (c). ECF No. 76. Plaintiff seeks an order requiring Defendant's counsel to conduct discovery within the bounds of Rule 26. Id. at 2. He alleges that Defendant's counsel has attempted to question him through requests for admissions and interrogatories concerning matters unrelated to the then-operative SAC. Id. at 3. Plaintiff listed four questions he finds objectionable (id. at 3-4), which Defendant properly transcribed for the Court in her opposition:

> Request for Admission No. 12: Admit that you were in a consensual physically sexual relationship with Defendant Sysouvanh from approximately July 2019 through October 2020.
>
> Request for Admission No. 14: Admit that you used the email address

[5] Having determined that amendment to add the Fourteenth Amendment claim would not be futile, the Court implicitly finds that Plaintiff states a claim. The Court need not separately screen the adequacy of that claim, or of the two claims that were already screened in, pursuant to 28 U.S.C. § 1915A.

moriahtaylor03@yahoo.com to communicate with Defendant Sysouvanh.

Request for Admission No. 20: Admit that you used the email address jaqwonwlk@yahoo.com to communicate with Defendant Sysouvanh.

Request for Admission No. 32: Admit that you used the email address sammyfitsum64@gmail.com to communicate with Defendant Sysouvanh.

ECF No. 79 at 4.

Defendant argues that the motion is premature because Plaintiff has already responded to the requests in question, there are no outstanding discovery requests, and Defendant has not noticed Plaintiff's deposition in the merits-based phase of the case. ECF No. 79 at 1-2. Defendant also maintains that the requests are relevant to her defense that the parties' relationship did not become physically sexual until July 2019, months after the period alleged in the SAC, and that Plaintiff brought this lawsuit to harass Defendant after she ended their relationship and secured a retraining order. Id. at 2-4. Defendant submitted emails from the addresses above that she maintains were sent by Plaintiff to harass her. ECF No. 79-2.

## II. Legal Standard

"Federal Rule of Civil Procedure 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, 'the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' based on any of several listed reasons." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (quoting Fed. R. Civ. P. 26(c)). The undersigned liberally construes Plaintiff's motion as seeking relief under Rule 26(c)(1)(D), which allows a court to issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]"

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424

(9th Cir. 2011).

**III. Analysis**

Plaintiff's motion for a protective order is denied without prejudice as unripe. Plaintiff does not seek a protective order as to the four questions reproduced above; he has already responded to those requests. Instead, he seeks an advisory opinion that Defendant's future inquiries along these same lines are irrelevant. See ECF No. 76 at 8-9 (requested relief). As he does not maintain that any such requests are pending (and Defendant denies that there are), this request is improper. See MSP Recovery Claims, Series LLC v. Farmers Ins. Exch., No. CV 17-2522 CAS (PLAx), 2018 WL 11468492, at *2 (C.D. Cal. Nov. 26, 2018) ("Absent information about what *specific* discovery requests are at issue (e.g., a particular request for production of documents), and with respect to future discovery that has not even been propounded, the Court will not issue an order that is, in effect, an advisory opinion[.]") (emphasis in original); Slagowski v. Cent. Washington Asphalt, No. 2:11-CV-00142-APG, 2014 WL 3001951, at *6 (D. Nev. July 1, 2014) (denying motion for protective order to prevent "improper supplementation" of expert reports as unripe and an improper advisory opinion); Hightower v. Kaiser Found. Hosp., No. ED CV 23-1506-JWH (KKX), 2023 WL 11725069, at *1 (C.D. Cal. Oct. 19, 2023) (denying plaintiff's motion to protect disclosure of his mental health records where he had not identified discovery requests seeking that information).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to quash (ECF No. 59) is DENIED;

2. Plaintiff's request to modify his opposition to Defendant's motion to file a sur-reply (ECF No. 75) is DENIED as moot;

3. Plaintiff's motion for protective order (ECF No. 76) is DENIED without prejudice as unripe;

4. In all future filings, Plaintiff must disclose his use of artificial intelligence ("AI") to assist in his briefing, including by identifying which AI platform or program he used.

5.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 66) be GRANTED IN PART and DENIED IN PART as follows:

   a. GRANTED as to amendment of his Fourteenth Amendment bodily integrity claim only; and

   b. DENIED as to amendment of the four state law claims.

2. Any order adopting these findings and recommendations include language that Defendant's deadline to file a responsive pleading be within 14 days of the date of that order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE